UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WENDALL JERMAINE HALL,

    Plaintiff,

v.                     Case No. 3:18-cv-1324-J-39MCR

MS. PHILLIPS, et al.,

    Defendants.
_____

## **ORDER**

### **I. Status**

Plaintiff, Wendall Jermaine Hall, is proceeding on a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. 1; Compl.) against the following individuals: Nurse Phillips, Nurse Polk, and Officer J. Johnson. Before the Court is Nurses Phillips and Polk's joint motion to dismiss the Complaint (Doc. 35; Motion). Plaintiff has responded (Doc. 46; Resp.). Accordingly, the motion is ripe for this Court's review.

### **II. Motion Standard**

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Additionally, the complaint allegations must be construed in the light most favorable to the plaintiff. Gill as Next Friend of K.C.R. v. Judd, 941 F.3d 504, 511 (11th Cir. 2019). When a plaintiff proceeds pro se, the court

must liberally construe the allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680.

Though detailed factual allegations are not required, Federal Rule of Civil Procedure 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. As such, a plaintiff may not rely on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Gill, 941 F.3d at 511 (quoting Iqbal, 556 U.S. at 678). Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id.

### III. Complaint Allegations[1]

Plaintiff's claims arise out of conduct that occurred at the Reception and Medical Center (RMC). Compl. at 2. Plaintiff alleges

---

[1] The recited facts are drawn from the Complaint and may differ from those that ultimately can be proved. The Court summarizes only the allegations relevant to Plaintiff's claims against Nurses Phillips and Polk. The remaining Defendant, Officer Johnson, has answered the Complaint (Doc. 27).

2

that, at the relevant times, he had a valid medical pass to receive medical supplies, including catheters, for his urinary conditions. Id. at 14, 16. Beginning on about October 31, 2018, Nurses Phillips and Polk denied Plaintiff his catheter supplies. Id. at 13. Plaintiff asserts the denial of catheters results in a "worsening stricture in his penis that hinders or stops him from urinating," causing pain, bloating, difficulty walking, and other issues. Id.

Plaintiff contends Nurses Phillips and Polk failed to provide him catheters in retaliation for Plaintiff filing grievances against them and because he had been disciplined for masturbating. Id. at 14. Plaintiff further alleges Nurses Phillips and Polk impermissibly refused to provide him medical supplies unless an officer escorted him to the medical supply room. Id. at 15, 18. In support of his Complaint, Plaintiff offers the affidavit of inmate Elder Williams. Id. at 23.[2] Inmate Williams avers that on October 31, 2018, he witnessed Nurse Phillips refuse to give Plaintiff catheter supplies because Plaintiff was not escorted by an officer. Id. at 24.

Plaintiff asserts Defendants' actions amount to deliberate indifference in violation of the Eighth Amendment, retaliation in

---

[2] Under Rule 10(c) of the Federal Rules of Civil Procedure, a complaint exhibit "is part of the pleading for all purposes." See also Gill, 941 F.3d at 511 (recognizing a district court may consider exhibits to a complaint when ruling on a motion to dismiss).

3

violation of the First Amendment, and a denial of equal protection in violation of the Fourteenth Amendment. Id. at 19, 20, 21. Plaintiff seeks compensatory and punitive damages from Defendants in their individual capacities, and injunctive relief from Defendants in their official capacities.³ Id. at 12, 22.

**IV. Defendants' Motion**

Defendants seek dismissal on the following grounds: (1) Plaintiff is a three-strikes litigant who is barred from proceeding in forma pauperis under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g); (2) Plaintiff failed to exhaust his administrative remedies; and (3) Plaintiff fails to state a claim for deliberate indifference and retaliation.⁴ See Motion at 1. Defendants also assert they are entitled to qualified immunity. Id. at 10.

**V. Analysis & Conclusions**

**A. Three Strikes**

This Court previously found Plaintiff alleged facts to invoke the imminent danger exception under 28 U.S.C. § 1915(g). See Order (Doc. 5). As such, Defendants' attorney's representation that the Court made no such finding, see Motion at 2, 7, is incorrect.

---

³ Plaintiff is no longer housed at RMC. As such, any request for injunctive relief may be moot.

⁴ Defendants suggest Plaintiff fails to state a claim under the Fourteenth Amendment. See Motion at 3. However, they do not seek dismissal of such a claim. Id. at 11.

4

## B. Exhaustion

Under the PLRA, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is "a precondition to an adjudication on the merits." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). See also Jones v. Bock, 549 U.S. 199, 211 (2007). When confronted with an exhaustion defense, courts employ a two-step process:

> First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust.

Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1209 (11th Cir. 2015) (internal citations omitted). Not only is there a recognized exhaustion requirement, "the PLRA . . . requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion" requires a prisoner to grieve his issues in compliance with the agency's procedural rules so the agency has a "full and fair opportunity" to address a prisoner's issues on the merits. Id. at 90.

The Florida Department of Corrections (FDOC) provides an internal grievance procedure as set forth in the Florida Administrative Code. See Fla. Admin. Code r. 33-103.001 through 33-103.018. Generally, to properly exhaust administrative remedies, a prisoner must complete a three-step process (informal grievance, formal grievance, and appeal). See Dimanche v. Brown, 783 F.3d 1204, 1211 (11th Cir. 2015). However, an inmate may bypass the first two steps "and proceed directly to the Office of the Secretary" when grieving complaints of an "emergency nature." Fla. Admin. Code r. 33-103.005(1).

The parties dispute whether Plaintiff exhausted his administrative remedies. Defendants contend they "obtained copies of all grievances submitted by Plaintiff" and none relate to this incident. See Motion at 8. Plaintiff, on the other hand, states he exhausted his administrative remedies by filing an emergency grievance with the Office of the Secretary on October 31, 2018, before he filed his Complaint on November 3, 2018 (mailbox rule). See Resp. at 33. Plaintiff concedes his emergency grievance was "returned without action," but he maintains the FDOC did not timely respond. Id. at 35, 36. Accepting Plaintiff's statements as true, dismissal is not warranted at the first step of the exhaustion analysis. As such, the Court proceeds to the second step.

Under the second step of the exhaustion analysis, Defendants have the burden to demonstrate Plaintiff failed to exhaust his

administrative remedies. See Whatley, 802 F.3d at 1209 (noting the defendant prison official has the burden on exhaustion). See also Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008) ("The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies."). Defendants do not carry their burden. Significantly, Defendants provide no records to substantiate their assertion that Plaintiff did not exhaust his administrative remedies. Even more, Plaintiff offers evidence showing Defendants' contention that he filed no grievances is false (Doc. 46-4; Pl. Ex. C).[5]

On about October 31, 2018,[6] Plaintiff filed an emergency grievance with the Office of the Secretary. Pl. Ex. C at 1. In the

---

[5] This is the second argument Defendants' attorney, Ana Francolin Dolney, has advanced that not only lacks evidentiary support but that is premised on a misrepresentation of the facts. The Court notes this is not the first time attorney Dolney has advanced arguments before this Court that lack evidentiary or legal support. See Case No. 3:16-cv-936-J-34MCR, Doc. 72 (inaccurate representation of the plaintiff's exhaustion efforts); Case No. 3:17-cv-930-J-32PDB, Doc. 57 (incorrect assertions about the case and a failure to attach any grievance records in support of an exhaustion defense); Case No. 3:17-cv-1239-J-34JRK, Doc. 62 (inaccurate history of the plaintiff's exhaustion efforts); and Case No. 3:17-cv-1299-J-20MCR, Doc. 47 (unfounded and unsupported arguments). Attorney Dolney's misrepresentations not only signal a disrespect for this tribunal and frustrate the judicial process, but also violate her ethical and professional obligations under the Federal Rules of Civil Procedure and the Rules Regulating the Florida Bar. The Court warns attorney Dolney that future such conduct may result in the imposition of sanctions.

[6] An institution official noted Plaintiff submitted the form on either November 1st or 2nd. See Pl. Ex. C at 1.

grievance, Plaintiff complains, among other things, that Nurses Phillips and Polk refused to provide him catheter supplies. Id. A prison official responded on November 20, 2018, informing Plaintiff his grievance was "not accepted as [one] of an emergency nature." Id. at 2. As Plaintiff readily acknowledges, see Resp. at 36, his grievance was "returned without action." Pl. Ex. C at 2.

Generally, when a grievance is returned without action, a prisoner cannot be said to have properly exhausted his administrative remedies. See Pavao v. Sims, 679 F. App'x 819, 825 (11th Cir. 2017). However, when a prison official returns an "emergency" grievance because the grievance does not constitute an emergency, the official must do so within the time specified under the agency rules or the prisoner will have exhausted his claims. See Davis v. Fla. Dep't of Corr., 264 F. App'x 827, 829 (11th Cir. 2008) (holding the plaintiff "fully and properly exhausted his available administrative remedies" where the FDOC did not respond to his emergency grievance within the timeframe mandated under the agency rules). Under the relevant agency rules, "[i]f an emergency is not found to exist, it will be clearly marked on the grievance 'not an emergency,' signed and dated by the responding employee, and returned to the inmate within three working days . . . ."). Fla. Admin. Code r. 33-103.007(3)(b)4; see also Fla. Admin. Code r. 33-103.006(3)(a)4.

8

Here, the responding official did not return the grievance to Plaintiff within three working days. The agency received the grievance on November 13, 2018.[7] Pl. Ex. C at 1. More than three working days later, on November 20, 2018, an FDOC official notified Plaintiff his grievance was not accepted as an emergency. Id. at 2. Plaintiff received the grievance response on November 21, 2018. Id. Because the FDOC official did not respond to Plaintiff within three working days, and because Plaintiff grieved the issues he raises in the Complaint, he has properly exhausted his administrative remedies.

Not only did the responding official not timely apprise Plaintiff his grievance was not accepted as an emergency, the official investigated Plaintiff's complaints and substantively addressed the merits of his claims. The official responded as follows:

> A review of the RMC Roster reveals no Ms. Phillips . . . .
>
> If you feel you need medical attention, contact the institutional medical department via the sick call/emergency process.
>
> Furthermore, the institution was contacted and advised Officer Johnson said [sic] that he is not reprising against Inmate Hall, Wendall #379682 in anyway for utilizing the grievance procedure.

---

[7] November 13, 2018, fell on a Tuesday.

Id. Even if Plaintiff had received timely notice that his grievance was not accepted as an emergency, insofar as the responding official addressed Plaintiff's claims on the merits, it is unclear what more Plaintiff could have done to have exhausted his administrative remedies.

For the above reasons, Defendants fail to carry their burden on exhaustion.

### C. Deliberate Indifference

A claim for deliberate indifference to a serious illness or injury is cognizable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim for deliberate indifference, a plaintiff must allege the following:

> (1) subjective knowledge of a risk of serious harm; and (2) disregard of that risk (3) by conduct that is more than mere negligence. Subjective knowledge of the risk requires that the defendant be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

Nam Dang by & through Vina Dang v. Sheriff, Seminole Cty. Fla., 871 F.3d 1272, 1280 (11th Cir. 2017) (internal citations omitted). Deliberate indifference may be evidenced in different ways, including when a prison official intentionally interferes with a prescribed treatment. Estelle, 429 U.S. at 104-05.

Defendants do not dispute Plaintiff has alleged a serious medical need. See Motion at 9. Instead, Defendants assert Plaintiff

fails to allege they had "subjective knowledge of a substantial risk of serious harm" and disregarded that risk by conduct that was more than negligent. Id. Defendants' contention is not persuasive. Plaintiff alleges he had a valid medical pass for urinary catheter supplies, and Nurses Phillips and Polk refused to provide him those supplies. See Compl. at 14-15, 19. Accepting these allegations as true, and drawing the inference that medical professionals who intentionally interfere with a prescribed treatment know their conduct exposes the patient to a substantial risk of serious harm, Plaintiff states a claim for deliberate indifference. See Estelle, 429 U.S. at 104-05.

Because Plaintiff states a claim for deliberate indifference, Defendants are not entitled to qualified immunity. See Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994), overruled in part on other grounds by Hope v. Pelzer, 536 U.S. 730 (2002) ("A finding of deliberate indifference necessarily precludes a finding of qualified immunity.").

### D. Retaliation

Prison officials may not retaliate against a prisoner who exercises his right to free speech. See Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). As such, a prisoner states a retaliation claim when he alleges a "prison official's actions were 'the result of his having filed a grievance concerning the

conditions of his imprisonment.'" Id. To state an actionable claim for retaliation, a plaintiff must allege:

> (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action . . . and the protected speech [the grievance].

O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (first and third alterations in original).

Plaintiff asserts Nurses Phillips and Polk denied him prescribed catheter supplies in part because he filed grievances against them. See Compl. at 14. Accepting these allegations as true, Plaintiff alleges facts supporting each element of a retaliation claim. He asserts he engaged in protected speech (writing grievances); he asserts he suffered adverse action (a denial of medical supplies); and he asserts a causal connection between the protected speech and the adverse action (writing grievances against the individuals who denied him medical supplies). Accordingly, Plaintiff's allegations nudge his claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Therefore, it is now

**ORDERED**:

1. Defendants Phillips and Polk's Motion to Dismiss (Doc. 35) is **DENIED**.

2. Defendants Phillips and Polk must file an Answer within **twenty days** of the date of this Order.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of January, 2020.

BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Wendall Jermaine Hall
Counsel of Record

13